IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALDWELL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FACET RETIREE MEDICAL PLAN, et al.,<br><br>    Defendants. | No. C -13-00385 WHA (EDL)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION TO MODIFY LITIGATION SCHEDULE** |

In this ERISA action, Plaintiffs seek payment of retirement benefits after their benefits were denied by Defendant Facet Retiree Medical Plan. Defendants have filed two discovery motions focused on compelling Plaintiffs to appear for their depositions. At the January 21, 2014 hearing on Defendants' motions, the Court ordered further briefing on the issue of whether Plaintiffs had introduced new facts in their dispositive motion that would justify compelling their depositions. The parties filed supplemental briefs on January 29 and February 4, 2014. For the reasons stated at the hearing and in this Order, Defendants' Motion to Compel and Motion to Modify Litigation Schedule are denied.

**Facts**

Defendant Facet Retiree Health Plan provides post-retirement health care benefits to a small group of former officers of a company called Protein Design Labs. Compl. ¶¶ 4-12. Protein Design Labs (PDL) was the original sponsor of the Plan and Plaintiffs all retired from PDL. Id. In 2008, PDL spun off a company called Facet Biotech Corp., which assumed the Plan. Compl. ¶ 17. In 2009, Facet announced that it would eliminate the company's payment of any portion of the premiums, and it purported to amend the Plan to reflect that change. Compl. ¶ 18. Plaintiffs protested the change, but it was implemented in 2010. Compl. ¶¶ 20-21. Plaintiffs made an

administrative claim for reinstatement of the company's payment of a portion of the premiums and requested review of the denial of that claim. Compl. ¶ 36. In this case, Plaintiffs have asserted that the amendment to the Plan was invalid not only because of its substance but also because of procedural failures. Hasselman Decl. ¶ 13.

Defendants' counsel contacted Plaintiffs' counsel on August 1, 2013 about setting dates for Plaintiffs' depositions. Torres Decl. ¶ 2; Ex. 1. Defendants sought these depositions at least in part because Plaintiffs' initial disclosures in this case had stated that Plaintiffs were "likely to have information regarding Plaintiffs' claim and appeal, premium contributions paid by participants in the Facet Retiree Medical Plan and Protein Design Labs Inc.'s intent in establishing the PDL Retiree Medical Plan." Mot. to Compel Ex. 1 at 2. Plaintiffs' counsel responded that she would obtain dates from her clients for their depositions. Torres Decl. ¶ 2; Ex. 1. Plaintiffs' counsel did not raise any substantive objections to the depositions, and only objected as to timing because Plaintiffs took the position that either all depositions should occur prior to the October 23, 2013 ADR session or all depositions should occur after that session. Torres Decl. ¶ 3; Ex. 2. The parties had already agreed to take the deposition requested by Plaintiffs after the ADR session, so Defendants postponed seeking Plaintiffs' deposition until that time as well. Torres Decl. ¶ 4.

Defendants' counsel contacted Plaintiffs' counsel prior to the October 23, 2013 ADR session regarding deposition dates for Plaintiffs. Torres Decl. ¶ 5. Plaintiffs' counsel responded on October 19, 2013 that she would secure dates for the depositions. Torres Decl. Ex. 3. Again, Plaintiffs did not raise any substantive objections to their depositions. Id.

On October 21, 2013, however, Plaintiffs counsel objected for the first time to producing Plaintiffs for their depositions. Torres Decl. ¶ 6; Ex. 4. Plaintiffs do not dispute that they initially did not intend to object to their depositions, but state that they had a "change of heart." Opp. at 3. Defendants did not initially respond to the October 21, 2013 email about the objection to the depositions because the ADR session was being conducted on October 23, 2013 during which the case could settle thereby obviating any need for the depositions. Torres Decl. ¶ 7. The case did not settle at the ADR session, and on October 28, 2013, Plaintiffs' counsel contacted Defendants' counsel about further settlement negotiations. Id. ¶ 8. The settlement discussions concluded in the

2

week of November 4 without a settlement. Id. ¶ 9.

On November 8, 2013, Defendants' counsel sent a letter to Plaintiffs' counsel regarding the objections to Plaintiffs' depositions. Torres Decl. ¶ 9; Ex. 5. Defendants also advised Plaintiffs that Defendants would file a motion seeking additional time to conduct Plaintiffs' depositions and related follow up discovery. Id. Plaintiffs did not respond to the November 8, 2013 letter. Torres Dec.. ¶ 10. On November 11, 2013, Defendants filed their Motion to Modify Litigation Schedule.

On November 18, 2013, Defendants' counsel sent a follow up letter to Plaintiffs' counsel addressing the issues raised in Defendants' motion to modify the litigation schedule. Torres Decl. ¶ 11; Ex. 6. Plaintiffs' counsel responded on November 18, 2013. Id. ¶ 12; Ex. 7. Defendants' counsel also spoke to Plaintiffs' counsel by phone on November 19, 2013 to attempt to resolve the issue of Plaintiffs' depositions. Torres Decl. ¶ 13. On November 19, 2013, Defendants filed their Motion to Compel.

**Discussion**

Defendants argue that they are entitled to Plaintiffs' depositions based on the general rules of allowable discovery under Rule 26. See Fed. R. Civ. P. 26. Defendants note that Plaintiffs stated in their initial disclosures that they have discoverable information, and that Plaintiffs did not object to their depositions for two months after Defendants initially sought the depositions.

Plaintiffs strenuously oppose the motion to compel their depositions. Plaintiffs point out that Defendants have never served deposition notices so there is nothing for the Court to compel. See Nuskey v. Lambright, 251 F.R.D. 3, 12 (D. D.C. 2008). However, Civil Local Rule 30-1 requires the parties to meet and confer about deposition dates prior to issuing deposition notices. Here, Plaintiffs led Defendants to believe for two months that they would appear for their depositions, and then three weeks before the discovery cutoff, informed Defendants that they had a "change of heart." Under those circumstances, Defendants' failure to serve deposition notices does not preclude them from taking Plaintiffs' depositions provided they do so before any depositions are taken.

Plaintiffs also argue that discovery in ERISA actions is much more limited than in routine civil cases and Defendants have not shown that Plaintiffs' depositions are likely to lead to the discovery of admissible evidence. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 969-70

3

(9th Cir. 2006). Defendants argue, however, that Plaintiffs have conceded that they discoverable knowledge about their claims and their claimed damages or injury. As discussed at the hearing, Plaintiffs may have discoverable information as to their damages, and Defendants may be entitled to depose them on that issue. However, any depositions regarding damages would only be appropriate after a ruling on the pending dispositive motions finding liability by Defendants. Further, the parties have not addressed the general rule that compensatory damages are not available under ERISA. See Bast v. Prudential Ins. Co., 150 F.3d 1003, 1009 (9th Cir. 1998). Therefore, Defendants' motion to compel Plaintiffs' depositions as to damages is denied without prejudice.

The parties' supplemental briefs addressed whether Defendants were entitled to Plaintiffs' depositions on substantive issues. In their supplemental brief, Defendants listed nine statements from Plaintiffs' dispositive motion that Defendants believe constitute new evidence justifying Plaintiffs' depositions. After a careful review of the supplemental briefs, the Court concludes that none of the nine items warrant deposing Plaintiffs on substantive issues. For example, items one and two do not constitute evidentiary facts justifying Plaintiffs' depositions, and instead are inferences that Plaintiffs propose in their dispositive motion. Moreover, Plaintiffs do not oppose striking these statements from Plaintiffs' brief, so these statements are stricken.

Item three does not cite to any evidence, and information about Plaintiffs' intent to re-enroll in the Plan is not directly relevant to the merits. Item four relates to a matter identified in Plaintiffs' initial disclosures as a topic on which Plaintiffs have knowledge, but exhibit 16 on which item four relies is in the administrative record and is cited and contained in declarations from both parties in the briefing on the dispositive motion. See Hasselman Decl. in Supp. of Dispositive Mot. at ¶ 17; Ex. 16; Torres Decl. in Supp. of Opp. to Dispositive Mot. at 8; Ex. 6 at 84-89. Plaintiffs did not provide any new evidence in making the statement in item four and citing exhibit 16. Therefore, item four does not provide a basis for Plaintiffs' depositions on substantive issues.

Items five, six and eight are statements describing a document and do not cite extra-record evidence. In addition, Plaintiffs do not cite any extra-record evidence in support of items seven and nine. Therefore, these items do not support permitting Defendants to take Plaintiffs' depositions on substantive issues.

4

**Conclusion**

Defendants' Motion to Compel and Motion to Modify Litigation Schedule are denied without prejudice. In their opposition to the motion to compel, Plaintiffs seek a fee award. Plaintiffs' request for fees, which was not made by separate motion, is denied. See Local Rules 7-8(a), 37-4(a).

**IT IS SO ORDERED.**

Dated: February 13, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

5