1

2

3

4

5

6                                  IN THE UNITED STATES DISTRICT COURT

7

8                                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    PATRICK CALDWELL, FRAN
      CHARLSON, DOUGLAS EBERSOLE,
11    and CARY QUEEN,                                      No. C 13-00385 WHA

12                 Plaintiffs,

13       v.                                                **ORDER RE DEFENDANTS'
                                                           MOTION FOR RELIEF FROM A
14    FACET RETIREE MEDICAL PLAN and                       DISCOVERY ORDER OF
      TIMOTHY RICHMOND AS PLAN                             MAGISTRATE JUDGE**
15    ADMINISTRATOR OF THE FACET
      RETIREE MEDICAL PLAN,
16
                 Defendants.
17    _____/

18

19          In this ERISA action inherited from a colleague, defendants move for relief from a non-

20    dispositive discovery order by Magistrate Judge Elizabeth Laporte.  For the reasons stated

21    below, defendants' motion is **DENIED**.

22          The background is set forth in Judge Laporte's order (Dkt. No. 73).  In brief, defendants

23    moved to compel plaintiffs to appear for their depositions and to modify the litigation schedule

24    in November 2011 in order to complete the depositions (Dkts. No. 38, 42).  After several rounds

25    of briefing, Judge Laporte denied defendants' motions.  Defendants now move for relief from

26    Judge Laporte's discovery order.

27          A district court must defer to a non-dispositive order entered by a magistrate judge unless

28    its factual determinations are clearly erroneous or its legal conclusions are contrary to law.
      *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); Rule 72(a).  In

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1     reviewing for clear error, the district judge may not simply substitute his or her judgment for that

2     of the magistrate judge. *Ibid.* Rather, a finding of fact is clearly erroneous only when the district

3     court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v.*

4     *Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). Moreover, while it is true that

5     Rule 26 should be liberally construed, discovery in ERISA actions should generally be limited to

6     information relevant to "the nature, extent, and effect on the decision-making process of any

7     conflict of interest that may appear in the record." *Abatie v. Alta Health & Life Ins. Co.*, 458

8     F.3d 955, 970 (9th Cir. 2006) (*en banc*).

9          Defendants raise three arguments in support of their claim that Judge Laporte's discovery

10    order was clearly erroneous or contrary to law. *First*, defendants argue that the discovery order

11    treated defendants' motion as a Rule 56(d) motion, rather than motion to compel under the

12    general rules of allowable discovery under Rule 26 (Br. at 2). The discovery order, however,

13    considered defendants' discovery motion under Rule 26 and stated that Rule 26 generally allows

14    for broad discovery, but our court of appeals in *Abatie* has significantly limited the scope of

15    discovery in ERISA cases to instances where a conflict of interest may exist (Dkt. No. 73 at 3).

16    Moreover, Rule 26's authorization of broad discovery is tempered by a court's determination that

17    "the burden or expense of the proposed discovery outweighs its likely benefit, considering the

18    needs of the case, the amount in controversy, the parties' resources, the importance of the issues

19    at stake in the action, and the importance of the discovery in resolving the issues." Rule

20    26(b)(2)(C)(iii). Here, the discovery order properly found that the burden and expense of the

21    proposed depositions outweighed any proposed benefit given that ERISA actions are generally

22    restricted to the administrative record. *Second*, defendants argue that the discovery order erred

23    in finding that they were not entitled to depose plaintiffs based on the allegedly new facts that

24    plaintiffs raised for the first time in their dispositive motion. The discovery order, however,

25    found that the "new facts" identified by defendants in supplemental briefing were facts from the

26    administrative record submitted by defendants themselves, inferences, or new theories that may

27    or may not be supported by the administrative record (Dkt. No. 73 at 4). The discovery order

28    struck two inferences and found that the other seven items did not provide a basis for plaintiffs'

United States District Court

For the Northern District of California

1    depositions on substantive issues.  After reviewing the allegedly "new facts," this order is not

2    convinced that defendants have met their burden to show that the discovery order's factual

3    determinations are clearly erroneous.  Moreover, defendants cite no binding authority to

4    demonstrate that the discovery order's denial of their motion is contrary to law.  Courts have

5    broad discretion in determining whether evidence is relevant for discovery purposes.  *Surfvivor*

6    *Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

7         *Third*, defendants object to the discovery order's ruling that "Plaintiffs may have

8    discoverable information as to their damages, and Defendants may be entitled to depose them on

9    that issue.  However, any depositions regarding damages would only be appropriate after a ruling

10   on the pending dispositive motions finding liability by Defendants" (Dkt. No. 73).  Defendants

11   argue that the Court has not issued an order bifurcating discovery in this action and therefore

12   they should be entitled to depose plaintiffs now.  Had this issue been before the assigned judge

13   *ab initio*, he would have allowed the depositions to go forward.  That, however, is not the

14   standard of review.  Defendants have simply not met their burden to prove that the discovery

15   order was clearly erroneous or contrary to law.  Here, the discovery order squares with Rule 26's

16   recognition that a court may limit discovery when "the burden or expense of the proposed

17   discovery outweighs its likely benefit."  Rule 26(b)(2)(C)(iii).  Defendants may return to Judge

18   Laporte and seek to compel plaintiffs' depositions after the Court rules on the pending cross-

19   motions for summary judgment.

20        Magistrate Judge Laporte's February 13 discovery order is not clearly erroneous or

21   contrary to law.  Accordingly, defendants' motion for relief from the discovery order is **DENIED**.

22   The hearing on this motion is **VACATED**.

23        **IT IS SO ORDERED.**

24

25   Dated: March 31, 2014.                                     _____

26                                                             WILLIAM ALSUP
                                                              UNITED STATES DISTRICT JUDGE

27

28

3